IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| J.E.L., by and through their next friend, PATRICIA BYRNES; *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD CHAREST, in his official capacity as Secretary of the EXECUTIVE OFFICE OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>Defendants. | Case No. 1:24-cv-471 |

**PLAINTIFFS' ASSENTED-TO MOTION FOR CLASS CERTIFICATION**

Plaintiffs hereby move that this Court certify this case as a class action under Federal Rule of Civil Procedure 23.[1]

## I. Procedural Background

Plaintiffs filed their Complaint on November 13, 2024. *See* ECF No. 1. Plaintiffs are Medicaid-eligible children and youth with a serious emotional disturbance ("SED") who allege that they are being denied medically necessary home and community-based mental and behavioral health services in violation of the Medicaid Act, Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("RA"). The Complaint names as Defendants Richard Charest, in his official capacity as Secretary of the Rhode Island Executive Office of

[1] Defendants have stipulated to the proposed class definitions contained herein and do not oppose this Motion.

Health and Human Services ("EOHHS"), and Ashley Deckert, in her official capacity as Director of the Rhode Island Department of Children, Youth and Families ("DCYF").

Defendants filed their Answer with the Court on March 3, 2025. *See* ECF No. 15. On April 3, 2025, the Parties jointly informed the Court they had conferred in good faith and shared an interest in resolving Plaintiffs' Complaint through mediation. On April 16, 2025, the Court referred this case to Chief Judge John J. McConnell for mediation. *See* ECF No. 22.

**II. The Parties Jointly Request that the Court Partially Lift the Stay of Litigation**

Since this Court's April 16, 2025 referral, the Parties have engaged in good faith settlement discussions, including a May 28, 2025 initial mediation session before Judge McConnell at the federal courthouse in Providence. The Parties wish to direct their best efforts toward resolving Plaintiffs' claims without undertaking the simultaneous demands of active litigation. For this reason, the Parties jointly moved the Court to enter a stay of litigation on June 12, 2025. *See* ECF No. 25 (granted on June 27, 2025).

On June 16, 2025, the Parties reached agreement as to the respective class definitions to be applied to the Medicaid and ADA/RA causes of action averred in Plaintiffs' complaint. By agreement, these class definitions are to be utilized by the Parties both for purposes of mediation and during any subsequent litigation should a settlement not be attained. Plaintiffs now request that the Court lift the recently entered stay for the sole purpose of approving their stipulated class definitions under Fed. R. Civ. P. 23(a) and (b)(2). Court approval of the proffered class definitions will facilitate the efficient resolution of Plaintiffs' claims. Following consultation, Defendants assent to the filing of Plaintiffs' motion for cerfication of the agreed-upon class definition.

## III. The Court Should Approve the Parties Agreed-To Class Definitions

The Parties agree that the following classes meet the requirements for class certification under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure, and that this action may be appropriately litigated as a Rule 23(b)(2) class action:

The "EPSDT Class" consists of all current or future Medicaid-eligible children in Rhode Island under the age of 21 (a) who have a documented Serious Emotional Disturbance (SED), including SED with co-occurring developmental disabilities (DD); (b) for whom a licensed practitioner of the healing arts acting within the scope of practice under state law has recommended intensive home and community-based mental health services ("IHCB-EPSDT Services") to correct or ameliorate their conditions; and (c) who did not or will not receive and/or were, are or will be delayed in receiving recommended IHCB-EPSDT Services.

The "ADA/RA Class" consists of all current or future Medicaid-eligible children in Rhode Island under the age of 21 (a) who have a documented SED, including SED with co-occurring DD, that substantially limits one or more major life activities; (b) for whom a licensed practitioner of the healing arts acting within the scope of practice under state law has recommended IHCB-EPSDT Services to correct or ameliorate their conditions; and (c) who are unnecessarily segregated, institutionalized, or at serious risk of becoming unnecessarily segregated or institutionalized.

The Parties further agree that class membership shall be determined based on circumstances existing on or after November 13, 2024, the date this action commenced, and that the following definitions shall apply for the purpose of certifying the classes:

- **"Intensive home and community-based mental health services" or "IHCB-EPSDT Services"** include:

(a) Intensive Care Coordination - an assessment and service planning process to coordinate service delivery for multiple systems that serve the child and family, and manage the care and services they need. This includes assessment and service planning; assistance in accessing and arranging for mental health services; coordinating multiple mental health services; advocating for the child and the child's family; monitoring the child's progress; and transition planning.

(b) Intensive Home-Based Behavioral Health Services - intensive behavioral health services and supports, including individualized therapeutic interventions, provided on a frequent and consistent basis and delivered to children and families in the child's home or appropriate community-based setting.

(c) Mobile Crisis Services - a response designed to interrupt and ameliorate a crisis episode, wherever the crisis occurs outside of an institutional setting, through crisis intervention and/or resolution, de-escalation, and safety planning. Mobile crisis services work to stabilize the child by providing interventions to minimize or prevent the crisis in the future, with the intent of diverting emergency room visits or inpatient admissions, and/or avoiding other behavior-related disruptions.

- **"Serious Emotional Disturbance" or "SED"** refers to a condition meeting the definition set forth in 58 Fed. Reg. 29422-02, *available at* 1993 WL 167366 (May 20, 1993).

- **"Developmental disabilities" or "DD"** refers to a condition meeting the definition applicable to the Developmental Disabilities Assistance and Bill of Rights Act of 2000, 42 U.S.C. §§ 15001 *et seq*., as set forth in 45 C.F.R. § 1325.3.

## IV. The Proposed Classes Satisfy Rule 23(a) of the Federal Rules of Civil Procedure

### a. Legal Standard

Pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, a party requesting class certification must demonstrate that:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

"If the [Rule 23(a)] conditions are satisfied, a court may certify a class action if the action is of a type identified in section (b) of the Rule." *Miller v. Carrington Mortg. Servs., LLC*, No. 2:19-cv-

00016-JDL, 2020 WL 2898837, at *1 (D. Me. June 3, 2020). One of those types of actions is where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

**b. The Numerosity Requirement**

Plaintiffs contend that the proposed classes are sufficiently numerous that joinder of all members is impracticable. *See* Fed. R. Civ. P. 23(a)(1). In the First Circuit, numerosity is a "low threshold." *See Garcia-Rubiera v. Calderon*, 570 F.3d 443, 460 (1st Cir. 2009). Accordingly, "courts routinely find that classes with more than forty members meet the requirement." *Walsh v. Gilbert Enters., Inc.*, No. CV 15-472-WES, 2019 WL 1206885, at *3 (D.R.I. Mar. 14, 2019); *see also Sheet Metal Workers Loc. No. 20 Welfare & Benefit Fund v. CVS Pharmacy, Inc.*, 540 F. Supp. 3d 182, 198 (D.R.I. 2021).

Here, Plaintiffs submit that both the EPSDT Class and the ADA/RA Class meet the numerosity requirement. While the exact number of members is unknown, both classes are estimated to include thousands of Medicaid-enrolled children across Rhode Island. Medicaid covers approximately 180,000 children and youth in Rhode Island, including all 2,500 children involved in the DCYF-administered foster care system.[2] In FY 2024, more than 20,000 Rhode Island children enrolled in Medicaid had a behavioral health disability; 16% of those children had co-occurring developmental disabilities.[3]

---

[2] *See* Rhode Island Medicaid Program Overview, June 7, 2024, *available at* https://www.rilegislature.gov/commissions/OARIC/commdocs/06-07-2024--Medicaid%20101%20Presentation.pdf.

[3] *See* 2024.09.10 APRA Youth Data. DCYF provided this data to Children's Rights pursuant to an Access to Public Records Act (APRA) inquiry.

Courts may also consider factors such as the "financial resources of class members," their "geographic dispersion" and "whether the claims are for injunctive relief." *Fitzmorris v. New Hampshire Dep't of Health & Hum. Servs. Comm'r Lori Weaver*, No. 21-CV-25-PB, 2023 WL 8188770, at *9 (D.N.H. Nov. 27, 2023). Those factors all support finding numerosity here. The EPSDT Class and ADA/RA Class are both made up of low-income children and youth who depend on Medicaid for critical behavioral health services and are geographically dispersed throughout the state. In addition, this suit seeks only injunctive and declaratory relief.

**c. The Commonality Requirement**

Commonality is satisfied when "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This requirement is met when the class' claims depend upon a "common contention" that is "capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Even a single common question of law or fact is sufficient. *See Medoff v. CVS Caremark Corp.,* No. 09-CV-554-JNL, 2016 WL 632238, at *3 (D.R.I. Feb. 17, 2016).

Courts in the First Circuit have found commonality where "uniformly applicable policies or practices [] allegedly drive the class harm and give rise to common questions capable of yielding common answers." *Fitzmorris*, 2023 WL 8188770, at *15; *see also Bryan C. v. Gagne-Holme*s, No. 1:21-CV-00005-NT, 2024 WL 3293411, at *6 (D. Me. July 3, 2024) (commonality met where plaintiffs "challenged the Defendants' system-wide policies and practices" and were "equally subject to the policies applicable").

Plaintiffs submit that the commonality requirement is met here. Defendants administer Rhode Island's mental and behavioral health system through statewide, uniform policies and practices that apply equally to all members of both the EPSDT Class and the ADA/RA Class. Plaintiffs allege those systemwide policies and practices violate federal law and result in

classwide harm. For example, Plaintiffs specifically allege that Defendants fail to ensure that medically necessary IHCB-EPSDT Services are available, resulting in an inability of Class members to obtain such services, or to obtain such services with reasonable promptness, in violation of the Medicaid Act. Plaintiffs allege that Defendants also fail to make available IHCB-EPSDT Services to members of the Class in the most integrated setting appropriate to their needs, and that the resulting segregation or unnecessary institutionalization of members of the Class, or the resulting risk thereof, violates the ADA and RA. *See* Compl. ECF No. 1 at ¶ 20. These allegations, if proven, target Defendants' statewide, uniform policies and practices, and are capable of resolution through common proof. *See Prinzo v. Hannaford Bros. Co., LLC*, 343 F.R.D. 250, 252 (D. Mass. 2023) (commonality met where "[a]ll class members have purportedly suffered an identical injury and their grievances are based on the same contention…susceptible to common proof").

**d. The Typicality Requirement**

The typicality element requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Ordinarily, a purported representative's claim is typical if it arises from the same course of conduct and is based on the same legal theory as the claims of the class as a whole." *Van W. v. Midland Nat. Life Ins. Co.*, 199 F.R.D. 448, 452 (D.R.I. 2001). "The claims of the class representative and the class overall must share essential characteristics, but they need not be precisely identical." *Bezdek v. Vibram USA Inc.*, 79 F. Supp. 3d 324, 338 (D. Mass.), *aff'd*, 809 F.3d 78 (1st Cir. 2015).

Plaintiffs submit that the claims of the Named Plaintiffs here are typical of those of the respective classes. Like the EPSDT Class, Named Plaintiffs allege they are unable to obtain

medically necessary IHCB-EPSDT Services, and/or are unable to obtain medically necessary IHCB-EPSDT Services with reasonable promptness, as a result of Defendants' alleged failure to implement policies and practices that ensure such services are provided or arranged for in compliance with the Medicaid Act. Like the ADA/RA Class, Named Plaintiffs allege they have been unnecessarily segregated, institutionalized, or are at serious risk of becoming unnecessarily segregated or institutionalized, as a result of Defendants' alleged failure to implement policies and practices that ensure such services are provided or arranged for in the most integrated setting appropriate to their needs in compliance with the ADA and RA. Thus, Plaintiffs contend that the Named Plaintiffs' claims are based on the same course of conduct and the same legal theories as the claims of the classes, satisfying the typicality requirement.

**e. The Adequacy Requirement**

Plaintiffs submit that the Named Plaintiffs and Class Counsel satisfy Rule 23(a)(4) because they will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "To satisfy the adequacy requirement, the plaintiffs must show that the representatives' interests will not conflict with the class members' interests and that plaintiffs' counsel is qualified and able to represent the class." *Trombley v. Bank of Am. Corp.*, No. 08-CV-456-JD, 2013 WL 5153503, at *4 (D.R.I. Sept. 12, 2013). Plaintiffs meet that standard here.

First, Plaintiffs submit that the Named Plaintiffs and class members share the same claims, arising out of the same course of conduct by Defendants. They seek to require Defendants to conform their policies and practices, which apply equally to each of them, to the requirements of the law, preventing any potential conflict of interest between them. *See In re Nexium (Esomeprazole) Antitrust Litig.*, 297 F.R.D. 168, 172 (D. Mass. 2013), *aff'd sub nom.*, *In re Nexium Antitrust Litig.*, 777 F.3d 9 (1st Cir. 2015) ("A showing of an alignment of incentives

between the class and the class representatives can sufficiently overcome a challenge on conflict of interest grounds."). Further, each Next Friend, on behalf of the Named Plaintiffs whom he or she represents, is dedicated to improving Defendants' policies and practices conform to legal requirements, which pose the same risk of harm to Named Plaintiffs and other class members.

Second, Plaintiffs' counsel are deeply committed to representing the classes, have demonstrated their willingness to vigorously pursue the claims brought here, and have substantial experience in handling complex litigation, including federal class actions and suits on behalf of children. Children's Rights is a non-profit national legal advocacy organization that is recognized for its extensive record of representing children and litigating both constitutional and statutory claims seeking declaratory and injunctive relief. Disability Rights Rhode Island, a Protection and Advocacy agency created by Congress, is dedicated to protecting and advocating for the rights of people with disabilities and has extensive knowledge of Rhode Island's mental and behavioral health systems for children. Plaintiffs' Counsel Lynette Labinger, Cooperating Counsel of the American Civil Liberties Union Foundation of Rhode Island, has substantial experience enforcing civil rights through litigation and advocacy with local expertise in the state of Rhode Island. Finally, DLA Piper, a global law firm, specializes in complex federal litigation, including class action lawsuits, and brings to bear substantial resources and specialized litigation skills in support of Plaintiffs' claims. Accordingly, Rule 23(a)'s adequacy requirement is met.

## V. The Proposed Classes Satisfy Rule 23(b)(2) of the Federal Rules of Civil Procedure

Under Rule 23(b)(2), certification is appropriate if Rule 23(a) is satisfied and "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that

final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

Rule 23(b)(2) is met here because Plaintiffs allege that Defendants' system-wide policies and practices deprive the classes of needed IHCB-EPSDT Services in violation of the Medicaid Act, the ADA and the RA. As such, Plaintiffs allege that Defendants have acted or refused to act on grounds generally applicable to the classes. The classes may thus be maintained under Rule 23(b)(2). *See Hawkins ex rel. Hawkins v. Comm'r of New Hampshire Dep't of Health & Hum. Servs.*, No. CIV. 99-143-JD, 2004 WL 166722, at *4 (D.N.H. Jan. 23, 2004) (granting the parties' joint motion and certifying Rule 23(b)(2) class consisting of children who alleged that the New Hampshire Department of Health and Human Services failed to provide dental services in violation of the EPSDT provisions of Medicaid).

## VI. Conclusion

For the reasons stated above, the Plaintiffs request entry of an order approving the class definitions and certifying this case as a class action.

August 5, 2025

Respectfully submitted,

For the Plaintiffs:

*<u>/s/ Kristine L. Sullivan</u>*
Kristine L. Sullivan, R.I. State Bar No. 10950
DISABILITY RIGHTS RHODE ISLAND
220 Toll Gate Road, Suite A
Warwick, RI 02886
Phone: (401) 831-3150
Fax: (401) 274-5568
Email: ksullivan@drri.org

*<u>/s/ Samantha Bartosz</u>*
Samantha Bartosz
CHILDREN'S RIGHTS

88 Pine Street, Suite 800
New York, NY 10005
Phone: (212) 683-2210
Email: sbartosz@childrensrights.org

*/s/ Lynette Labinger*
Lynette Labinger, R.I. State Bar No. 1645
COOPERATING COUNSEL, AMERICAN
CIVIL LIBERTIES UNION FOUNDATION
OF RHODE ISLAND
129 Dorrance St., Box 710
Providence, RI 02903
Phone: (401) 465-9565
Email: ll@labingerlaw.com

*/s/ Raymond Williams*
Raymond Williams
DLA Piper LLP
1650 Market Street, Ste. 5000
Philadelphia, PA 19103
Phone: (215) 656-3368
Fax: (215) 656-3301
Email: raymond.williams@us.dlapiper.com